**UNITED STATES of America for the Use and Benefit of John McGRATH et al., Plaintiff,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant.**

**No. Civ–1013–Pct.**

United States District Court
D. Arizona.
April 1, 1966.

Snell & Wilmer, Phoenix, Ariz., for plaintiff.

Langerman, Begam & Lewis, Phoenix, Ariz., for defendant.

CRAIG, District Judge.

Defendant's motion to dismiss the complaint was heard by the Court, and leave was granted to both parties to submit supplemental memoranda. Such memoranda having been submitted, the Court is now fully advised, and hereby orders that defendant's motion to dismiss be granted.

The plaintiffs filed their complaint on July 14, 1965, for amounts relating to labor furnished defendant's principal prior to October 1, 1963. Plaintiffs sue upon the basis of the Miller Act, 40 U.S.C. § 270a et seq. Defendant contends that the complaint is not timely, because it was not filed within one year after the last day on which labor for which claim is made was performed, as required by a subpart of the Miller Act, 40 U.S.C. § 270b(b), as amended in 1959. Plaintiff alleges that a correct interpretation of this subpart would indicate the running of the one-year period was to begin from the last date *any* labor was furnished under the contract. Defendant contends that the subpart should be interpreted to indicate that the one-year period began on the last date labor *for which claim is being made* was furnished, although the italicized phrase is not present. Defendant would thus interpret this subpart to be consistent with the preceding subpart, 40 U.S.C. § 270b(a), which definitely states that the period in that subpart *for notice,* 90 days, begins to run upon delivery or performance of the labor *for which claim is made.* United States for the Use and Benefit of Edwards v. Reiss (CCA2 1959), 273 F.2d 880, so holds in regard to subpart (a). The phrase "for which claim is made" was held to be present by implication in subpart (b) by the Court in United States for the Use and Benefit of General Electric Co. v. Southern Construction Co. (DC La.1964), 229 F.Supp. 873, affirmed on rehearing 236 F.Supp. 742. This decision contains a complete analysis of the question at issue in this case, the time at which the one-year period of subpart (b) begins to run. It indicates it begins to run on the day after the end of performance of labor *for which claim is made.* A subsequent case held that the rule in *Southern Construction* was to be followed, even though there was further performance of the contract at a subsequent time. United States for the Use and Benefit of First National Bank of Jackson v. United States Fidelity & Guaranty Co. (DC Okl.1965), 240 F.Supp. 316.

This Court finds that the filing of plaintiffs' claim is not timely under the Miller Act, 40 U.S.C. § 270b(b).