UNITED STATES of America for the Use and Benefit of AETNA DRYWALL CONTRACTORS, INC., a Florida Corporation, Plaintiff-Appellant,

v.

AETNA CASUALTY AND SURETY COMPANY, a Connecticut Corporation, et al., Defendants-Appellees.

No. 83–5328

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 24, 1984.

Rehearing Denied May 1, 1984.

Welbaum, Zook, Jones & Williams, John A. Shughart, Jr., Miami, Fla., for plaintiff-appellant.

Rubin & Rubinchik, P.A., Allan M. Rubin, Hollywood, Fla., for defendants-appellees.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Aetna Drywall Contractors, Inc., brought this suit against Aetna Casualty and Surety Company and Renel Construction, Inc., for damages sustained by Aetna Drywall in connection with work performed on the Federal Building and Courthouse in Fort Lauderdale under a subcontract with Renel. At the close of Aetna Drywall's case, the district judge granted a directed verdict because Aetna Drywall: (1) failed to apportion damages, (2) failed to file the lawsuit within the period of the statute of limitations, and (3) failed to plead or prove estoppel. We reverse because the district judge erroneously decided the first two issues.

The statute of limitations issue is the easiest and most straightforward. Aetna Drywall filed this action within one year (the applicable limitations period) of their last furnishing of materials and labor for the project; however, Drywall did not file within one year of the last furnishing of materials or labor at issue in the suit. Relying on *United States ex rel. McGrath v. Travelers Indemnity Co.*, 253 F.Supp. 330 (D.Ariz.1966), the district court held that Drywall should have filed within one year of the furnishing at issue. The district court erred because *McGrath* is not the law in this circuit. In *General Electric Co. v.*

*Southern Const. Co.,* 383 F.2d 135 (5th Cir. 1967), *cert. denied,* 390 U.S. 955, 88 S.Ct. 1049, 19 L.Ed.2d 1148 (1968), the predecessor to this circuit [1] held that the date of the last furnishing is the appropriate date whether or not that furnishing is at issue in the suit. *Id.* at 138. The rationale underlying this rule is the prevention of multiple lawsuits between the same parties. Renel and Aetna Casualty offer this court no logical reason to abandon this rule (even if we had the power to do so).

■ Concerning the apportionment issue, the district court held Drywall's failure to apportion fatally defective, citing *United States ex rel. Gray-Bar Electric Co. v. J.H. Copeland & Sons Const., Inc.,* 568 F.2d 1159 (5th Cir.), *cert. denied,* 436 U.S. 957, 98 S.Ct. 3072, 57 L.Ed.2d 1123 (1978). In that case, although both the government and the contractor caused a portion of the damages, the court held that the plaintiff need not apportion because an equitable adjustment clause in the general contract made the government liable to the contractor for damages caused by the government. *Id.* at 1162. The general contract in this case contained a similar provision, and, contrary to the statement of the district judge, Drywall produced evidence at trial tending to prove that the subcontract, as in *Gray-Bar,* incorporated that provision. Transcript at 427. Thus, the district court erred in directing a verdict in favor of the defendants on this issue.[2]

Because the district judge erroneously decided that Aetna Drywall is required to apportion damages, we need not address whether he correctly ruled that the defendants are not estopped from asserting Drywall's failure to apportion. We therefore REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.