725 F.2d 650
 31 Cont.Cas.Fed. (CCH) 72,220
 UNITED STATES of America for the Use and Benefit of AETNA
DRYWALL CONTRACTORS, INC., a Florida Corporation,
Plaintiff-Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, a Connecticut
Corporation, et al., Defendants-Appellees.
 No. 83-5328
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 24, 1984.
 
 Welbaum, Zook, Jones & Williams, John A. Shughart, Jr., Miami, Fla., for plaintiff-appellant.
 Rubin & Rubinchik, P.A., Allan M. Rubin, Hollywood, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before HILL, JOHNSON and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Aetna Drywall Contractors, Inc., brought this suit against Aetna Casualty and Surety Company and Renel Construction, Inc., for damages sustained by Aetna Drywall in connection with work performed on the Federal Building and Courthouse in Fort Lauderdale under a subcontract with Renel. At the close of Aetna Drywall's case, the district judge granted a directed verdict because Aetna Drywall: (1) failed to apportion damages, (2) failed to file the lawsuit within the period of the statute of limitations, and (3) failed to plead or prove estoppel. We reverse because the district judge erroneously decided the first two issues.
 
 
 2
 The statute of limitations issue is the easiest and most straightforward. Aetna Drywall filed this action within one year (the applicable limitations period) of their last furnishing of materials and labor for the project; however, Drywall did not file within one year of the last furnishing of materials or labor at issue in the suit. Relying on United States ex rel. McGrath v. Travelers Indemnity Co., 253 F.Supp. 330 (D.Ariz.1966), the district court held that Drywall should have filed within one year of the furnishing at issue. The district court erred because McGrath is not the law in this circuit. In General Electric Co. v. Southern Const. Co., 383 F.2d 135 (5th Cir.1967), cert. denied, 390 U.S. 955, 88 S.Ct. 1049, 19 L.Ed.2d 1148 (1968), the predecessor to this circuit[1] held that the date of the last furnishing is the appropriate date whether or not that furnishing is at issue in the suit. Id. at 138. The rationale underlying this rule is the prevention of multiple lawsuits between the same parties. Renel and Aetna Casualty offer this court no logical reason to abandon this rule (even if we had the power to do so).
 
 
 3
 Concerning the apportionment issue, the district court held Drywall's failure to apportion fatally defective, citing United States ex rel. Gray-Bar Electric Co. v. J.H. Copeland & Sons Const., Inc., 568 F.2d 1159 (5th Cir.), cert. denied, 436 U.S. 957, 98 S.Ct. 3072, 57 L.Ed.2d 1123 (1978). In that case, although both the government and the contractor caused a portion of the damages, the court held that the plaintiff need not apportion because an equitable adjustment clause in the general contract made the government liable to the contractor for damages caused by the government. Id. at 1162. The general contract in this case contained a similar provision, and, contrary to the statement of the district judge, Drywall produced evidence at trial tending to prove that the subcontract, as in Gray-Bar, incorporated that provision. Transcript at 427. Thus, the district court erred in directing a verdict in favor of the defendants on this issue.[2]
 
 
 4
 Because the district judge erroneously decided that Aetna Drywall is required to apportion damages, we need not address whether he correctly ruled that the defendants are not estopped from asserting Drywall's failure to apportion. We therefore REVERSE the judgment of the district court and REMAND for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 The General Electric opinion is binding in this case. See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc)
 
 
 [2]
 Any other result would leave the subcontractor without a means of recovery because lack of privity (as well as sovereign immunity) bars a suit against the government. See, e.g., United Electric Corp. v. United States, 227 Ct.Cl. 236, 647 F.2d 1082 (Ct.Cl.), cert. denied, 454 U.S. 863, 102 S.Ct. 322, 70 L.Ed.2d 163 (1981). To hold otherwise would certainly not further the purpose of the Miller Act, which Congress enacted to protect subcontractors. See, e.g., United States ex rel. T/N Plumbing & Heating Corp. v. Fryd Const. Corp., 423 F.2d 980, 984 (5th Cir.1970)